ORIGINAL

# In the United States Court of Federal Claims

OFFICE OF SPECIAL MASTERS

FILED

MAR 3 1 2014

U.S. COURT OF
FEDERAL CLAIMS

```
* * * * * * * * * * * * * * * * *   *
DORIS ALFARO,                        *
                                     *     No. 12-578V
              Petitioner,            *     Special Master Christian J. Moran
                                     *
v.                                   *     Filed: March 31, 2014
                                     *
SECRETARY OF HEALTH                  *     Decision on the record; insufficient
AND HUMAN SERVICES,                  *     proof of causation; nerve damage;
                                     *     tumor; influenza ("flu") vaccine.
              Respondent.            *
* * * * * * * * * * * * * * * * *   *
```

Doris Alfaro, Santa Barbara, CA, pro se;
Vincent J. Matanoski, United States Dep't of Justice, Washington, D.C., for
respondent.

## UNPUBLISHED DECISION DENYING COMPENSATION[1]

Doris Alfaro filed a petition under the National Childhood Vaccine Injury
Act, 42 U.S.C. §300a-10 et. seq., on September 7, 2012. Her petition alleged that
she suffered nerve damage to both arms and a tumor on her left arm as a result of
the influenza ("flu") vaccine she received on October 26, 2010. The information in
the record, however, does not show entitlement to an award under the Program.

### I.   Procedural History

On September 7, 2012, Doris Alfaro, representing herself, filed a petition
under the National Childhood Vaccine Injury Act, § 300aa-10 through 34, alleging

---

[1]   The E-Government Act of 2002, Pub. L. No. 107-347, 116 Stat. 2899, 2913
(Dec. 17, 2002), requires that the Court post this ruling on its website. Pursuant to
Vaccine Rule 18(b), the parties have 14 days to file a motion proposing redaction of
medical information or other information described in 42 U.S.C. § 300aa-12(d)(4). Any
redactions ordered by the special master will appear in the document posted on the
website.

that she experienced pain on her left arm caused in fact by an influenza vaccine she received on October 26, 2010.

An initial status conference was held on October 31, 2012.  For this conference, Ms. Alfaro arranged to have a bilingual individual join her for the call to assist by communicating for her in English.[2]  Following the conference, respondent periodically filed medical records previously forwarded to her by Ms. Alfaro (exhibits A–K and L).  Respondent additionally assisted in the collection of Ms. Alfaro's medical records by filing a motion to authorize a subpoena for records from UCLA Health System in Los Angeles, California.  See order, issued Apr. 12, 2013 (authorizing subpoena).

On April 22, 2013, respondent filed her Rule 4 report finding the evidence insufficient to recommend compensation.  Resp't's Rep't, filed Apr. 22, 2013, at 12.  Respondent further stated that Ms. Alfaro's injury did not "meet the criteria for a Table Injury," and recommended that the final decision on Ms. Alfaro's eligibility under the Vaccine Act be deferred until additional medical information, including an independent medical exam, became available.  Id. at 11-12.

A status conference was held on May 1, 2013, to discuss respondent's Rule 4 report.  During this conference, the parties discussed the status of the record and arrangements for Ms. Alfaro to receive and independent medical examination.  On May 13, 2013, respondent filed the records obtained by subpoena.  Exhibit M.

On June 3, 2013, respondent filed a status report detailing the arrangements for Ms. Alfaro to receive an independent medical exam by Nerses Sanossian, M.D., on June 7, 2013, in Los Angeles.  On August 9, 2013, respondent filed the resulting examination report and Dr. Sanossian's curriculum vitae.  Exhibits N-O.  The same report was provided to Ms. Alfaro in Spanish.

Dr. Sanossian's assessment found no correlation between Ms. Alfaro's arm pain and the influenza vaccination she received on October 26, 2010.  Exhibit N at 7.  Dr. Sanossian additionally stated that Ms. Alfaro's tumor appeared to be an "incidental finding revealed by the extensive testing which was performed due to the physical complains exhibited by the patient," and that there was "no indication that the injection was in a region where a nerve would be expected to travel."  Id. at 7-8.

---

[2] Ms. Alfaro arranged for similar assistance for each following status conference as well.

2

On January 27, 2014, a status conference was held to discuss Dr. Sanossian's report and the next steps necessary to move the case forward. During this conference, the undersigned asked Ms. Alfaro if she planned to submit further evidence, Ms. Alfaro answered that she did not. Following the conference, Ms. Alfaro was given another opportunity to file any further evidence or medical expert opinion in support of her petition by March 3, 2014. See order, issued Jan. 28, 2014. Ms. Alfaro filed nothing further. Accordingly, this case is now ready for adjudication.

## II.   Analysis

To receive compensation under the National Vaccine Injury Compensation Program (hereinafter "the Program"), petitioner must prove either 1) that Ms. Alfaro suffered a "Table Injury" – i.e., an injury falling within the Vaccine Injury Table – corresponding to her vaccination, or 2) that she suffered an injury that was actually caused by a vaccine. See §§ 300aa-13(a)(1)(A) and 300aa-11(c)(1). An examination of the record did not uncover any evidence that Ms. Alfaro suffered a "Table Injury." Thus, she is necessarily pursuing a causation-in-fact claim.

Under the Act, a petitioner may not be given a Program award based solely on the petitioner's claims alone. Rather, the petition must be supported by either medical records or by the opinion of a competent physician. § 300aa-13(a)(1). In this case, because the medical records and independent medical examination do not support Ms. Alfaro's claim, a medical opinion must be offered in support. Ms. Alfaro, however, has offered no such opinion.

Accordingly, it is clear from the record in this case that Ms. Alfaro has failed to demonstrate either that she suffered a "Table Injury" or that her injuries were "actually caused" by a vaccination. **Thus, this case is dismissed for insufficient proof. The Clerk shall enter judgment accordingly.**

Any questions may be directed to my law clerk, Mary Holmes, at (202) 357-6353.

**IT IS SO ORDERED.**

Christian J. Moran
Special Master